IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. |
| | ) | |
| ROBERT S. HACKETT, | ) | 18 U.S.C. § 641 |
| | ) | (Conversion of Public Monies) |
| Defendant. | ) | |
| | ) | |

**PLEA AGREEMENT**

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America and the defendant, ROBERT S. HACKETT, agree as follows:

1. The defendant is entering into this agreement and is pleading guilty freely and voluntarily without promise or benefit of any kind, other than contained herein, and without threats, force, intimidation, or coercion of any kind.

2. The defendant knowingly, voluntarily, and truthfully admits the facts contained in the attached Factual Basis for Plea.

3. The defendant agrees to plead guilty to a single-count Information charging him with one count of Conversion of Public Monies, in misdemeanor violation of 18 U.S.C. § 641. The defendant admits that he is guilty of this crime, and the defendant understands that he will be adjudicated guilty of this offense if the Court accepts his guilty plea.

4. The defendant understands the nature of the offense to which he is pleading guilty, and the elements thereof, including the penalties provided by law. The maximum penalty for a misdemeanor violation of 18 U.S.C. § 641, is one year of imprisonment, a fine of $100,000, and a mandatory special assessment of $25. The defendant also understands that the Court may

impose a term of supervised release to follow any incarceration in accordance with Title 18, United States Code, Section 3583, and that, in this case, the authorized term of supervised release is not more than one year. 18 U.S.C. § 3583(b)(3). The defendant also understands that the Court may impose restitution, the costs of incarceration, supervision, and prosecution.

5.  The defendant agrees to make restitution to the Administrative Office of United States Courts in the amount of $15,133.00 prior to sentencing in this matter.

6.  If the Court accepts defendant's plea of guilty, and the defendant fulfills each of the terms and conditions of this agreement, the United States agrees that it will not further prosecute the defendant for crimes set forth and described in the Factual Basis for Plea.

7.  The defendant understands and agrees that Federal sentencing law requires the Court to impose a sentence which is reasonable and that the Court must consider the advisory U.S. Sentencing Guidelines in determining a reasonable sentence. Defendant also understands that sentencing is within the discretion of the Court and that the Court is not bound by this agreement. The defendant understands that facts that determine the offense level will be found by the Court at sentencing and that, in making those determinations, the Court may consider any reliable evidence, including hearsay, as well as provisions or stipulations in this plea agreement. Both parties agree to recommend that the Sentencing Guidelines should apply pursuant to United States v. Booker, 543 U.S. 220 (2005), and its progeny, and that the final Sentencing Guidelines offense level as calculated herein provides for a reasonable sentence.

8.  The defendant and the United States agree that the offense of Conversion of Public Monies, 18 U.S.C. § 641, is governed by § 2B1.1 of the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). The parties further agree that the following Guidelines

factors, computation, and analysis applies to this case, resulting in a Combined Adjusted Offense Level of 10:

| | | |
|---|---|---|
| Base Offense Level | 6 | §2B1.1(a) |
| Loss more than $10,000 | +4 | §2B1.1(b)(1)(C) |
| Combined Adjusted Offense Level | 10 | |

9. Should the defendant comply fully with each of the terms of this Agreement and clearly demonstrate acceptance of responsibility for the instant offense, the United States will recommend that he receive a 2-level reduction under Guidelines § 3E1.1(a) ("Acceptance of Responsibility"). Assuming the application of § 3E1.1(a), the Total Offense Level applicable to the defendant is a Level 8, which results in a Zone A sentence.

10. Both parties agree that a Guidelines sentence within Zone A is an appropriate sentence, and further recommend that no adjustment to the Guidelines level other than those discussed in this Agreement is appropriate. The defendant understands that these recommendations and agreements are not binding upon the Court or the United States Probation Office, and that he will not be entitled to withdraw his plea of guilty if the Court rejects these recommendations.

11. The defendant agrees that he will cooperate fully, completely, and truthfully with all investigators and attorneys of the United States, by truthfully providing all information in his possession relating directly or indirectly to all criminal activity and related matters which concern the subject matter of this investigation and of which he has knowledge, or relating to other matters deemed relevant to the United States. This includes, but is not limited to, participating in a full debriefing by attorneys and investigators within the U.S. Department of Justice, Criminal

Division, Public Integrity Section, and the Federal Bureau of Investigation.

12. The defendant agrees that he will not seek or accept employment with the United States Government for a period of five (5) years from the date of his plea of guilty.

13. The defendant agrees, for purposes of entering his initial appearance, arraignment, guilty plea, sentencing, and all other appropriate proceedings relevant to the filing of this Agreement, to consent to the jurisdiction of the United States District Court for the District of Columbia. The defendant expressly waives his right to object to venue in the District of Columbia.

14. The United States cannot and does not make any promise or representation as to what sentence the defendant will receive or what fines or restitution, if any, the defendant may be ordered to pay. The defendant understands that the sentence in this case will be determined solely by the Court, with the assistance of the Probation Office, and that the Court may impose the maximum sentence permitted by the statute. The Court is not obligated to follow the recommendations of either party at the time of sentencing. The defendant will not be permitted to withdraw his guilty plea regardless of the sentence recommended by the Probation Office or imposed by the Court.

15. The United States reserves the right to allocute in all respects as to the nature and seriousness of the offense and to make a recommendation as to sentencing. The attorneys for the United States will inform the Court and the Probation Office of: (1) this Agreement; (2) the nature and extent of the defendant's activities with respect to this case; and (3) all other information in its possession relevant to sentencing. However, the United States agrees that it will not oppose the defendant's request that no jail term be imposed as part of his sentence.

16. The defendant, knowing and understanding all of the facts set out herein, including the maximum possible penalty that could be imposed, and knowing and understanding his right to appeal the sentence as provided in 18 U.S.C. § 3742, hereby expressly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) including the grounds set forth in 18 U.S.C. § 3742, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b).

17. If the defendant fails to comply with any of the terms and conditions set forth in this agreement, the United States may fully prosecute the defendant on all criminal charges that can be brought against the defendant. With respect to such a prosecution:

    a.. The defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, or any other Federal rule, that the defendant's statements pursuant to this agreement or any leads derived therefrom should be suppressed or are inadmissible;

    b. The defendant waives any right to claim that evidence presented in such prosecution is tainted by virtue of the statements the defendant has made; and

    c. The defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this agreement is signed by the parties.

18. In the event of a dispute as to whether the defendant has knowingly committed

any material breach of this Agreement, and if the United States chooses to exercise its rights under Paragraph 17, and if the defendant so requests, the matter shall be submitted to the Court for determination by the Court in an appropriate proceeding at which any admissible evidence may be used by the parties and at which time the United States shall have the burden to establish the defendant's breach by a preponderance of the evidence.

19.     The parties agree that if the Court does not accept defendant's plea of guilty, then this agreement will be null and void.

20.     The defendant understands that this agreement is binding only upon the Public Integrity Section of the Criminal Division of the U.S. Department of Justice.  This agreement does not bind any other prosecutor's office or agency.  It also does not bar or compromise any civil or administrative claim pending or that may be made against defendant.  The defendant understands that other prosecuting jurisdictions retain discretion over whether to abide by the provisions of this agreement.  If requested, however, the Public Integrity Section will bring this Agreement to the attention of other prosecuting offices, civil authorities, or other officials.  The defendant understands that other prosecuting jurisdictions retain discretion over whether to abide by the provisions of this Agreement.

-7-

21. This agreement and the attached Factual Basis for Plea constitute the entire agreement between the United States and the defendant. No other promises, agreements, or representations exist or have been made to the defendant or the defendant's attorneys by the Department of Justice in connection with this case. This agreement may be amended only by a writing signed by all parties.

February 5, 2007

FOR THE DEFENDANT:

_____
ROBERT S. HACKETT
DEFENDANT

_____
CHARLES E. CHAMBERLAIN, JR., Esq.
WILLEY & CHAMBERLAIN LLP
940 Trust Building
40 Pearl Street, N.W.
Grand Rapids, MI 49503-3032
T: 616-458-2212 / F: 616-458-1158

FOR THE UNITED STATES:

EDWARD C. NUCCI
Acting Chief
Public Integrity Section

By: _____
NATASHIA TIDWELL   by DAP
Trial Attorney
Public Integrity Section
Criminal Division
U.S. Department of Justice
1400 New York Avenue, NW – 12th Floor
Washington, DC 20005
T: 202-514-3015 / F: 202-514-3003

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify under penalty of perjury that on this 31st day of January, 2007, I caused to be served by overnight mail a true and correct copy of the foregoing filing entitled "PLEA AGREEMENT" and attached "FACTUAL BASIS FOR PLEA" as follows:

Charles E. Chamberlain, Jr., Esq.
WILLEY & CHAMBERLAIN LLP
940 Trust Building
40 Pearl Street, N.W.
Grand Rapids, MI 49503-3032

*[signature]*
Natashia Tidwell