IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. |
| ) | |
| ROBERT S. HACKETT, ) | 18 U.S.C. § 641 |
| ) | (Conversion of Public Monies) |
| Defendant. ) | |

FILED
MAR 2 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## FACTUAL BASIS FOR PLEA

The United States of America, by and through its undersigned attorney within the U.S. Department of Justice, Criminal Division, Public Integrity Section, and the defendant, ROBERT S. HACKETT, personally and through his undersigned counsel, hereby stipulate to the following facts pursuant to U.S. Sentencing Guideline § 6A1.1 and Rule 32 (c)(1) of the Federal Rules of Criminal Procedure:

1. At all relevant times, the defendant, ROBERT S. HACKETT, was employed as an investigator for the Office of the Federal Public Defender ("FPD") for the Western District of Michigan.

2. The Administrative Office of U.S. Courts ("AO") was a department and agency of the United States, headquartered in Washington, D.C. The AO, through its Office of Defender Services, provided an annual allotment of funds to the FPD for travel-related purposes.

3. As an investigator, the defendant was authorized to use his personal motor vehicle to conduct travel within and outside the Grand Rapids area for purposes of investigating matters relevant to the FPD's representation of its clients. Miles accumulated during work-related travel were reimbursed at an average rate of .357 dollars per mile traveled.

4. To receive reimbursement for miles accumulated in the course of work-related travel, the defendant was required to submit a monthly travel reimbursement request to the FPD detailing, for each day of travel during that particular month, the date of the trip, the time of departure and return, the point of departure and destination, the number of miles traveled, and the FPD client(s) on whose behalf travel was taken.

5. The FPD then incorporated the defendant's reimbursement requests into travel vouchers, which were submitted to the clerk's office of the United States District Court in Grand Rapids, Michigan ("the Court") for payment. Prior to each voucher's submission to the Court, the defendant was required to sign the voucher, certifying that the statements contained therein were true and correct to the best of his knowledge.

6. At the end of each month, the Court issued a check to the defendant in an amount equal to the miles claimed in his travel reimbursement request multiplied by the rate of reimbursement. These checks were drawn from funds administered to the FPD by the AO's Office of Defender Services.

7. At all relevant times, the defendant's personal motor vehicle, a 1998 Honda Accord, was his primary mode of transportation for travel for or on behalf of the FPD.

8. During the period of November 2001 to April 2003, the defendant submitted monthly reimbursement requests in which he claimed to have traveled 76,807 miles for or on behalf of the FPD, when in fact, the defendant's personal motor vehicle only traveled 34,419 miles during that same period.

9. The defendant admits that he received approximately $15,132.00 in reimbursement for 42,388 more miles than his personal motor vehicle traveled during that same period and agrees to make restitution to the AO in that amount.

Dated: February 5, 2007

FOR THE DEFENDANT:

*[signature]*

ROBERT S. HACKETT
DEFENDANT

*[signature]*

CHARLES CHAMBERLAIN, Jr., Esq.
WILLEY & CHAMBERLAIN LLP
940 Trust Building
40 Pearl Street, N.W.
Grand Rapids, MI 49503-3032
T: 616-458-2212/ F: 616-458-1158

FOR THE UNITED STATES:

EDWARD C. NUCCI
Acting Chief
Public Integrity Section

By: *[signature]* Natashia Tidwell by DAP / by Edward P. Sullivan

NATASHIA TIDWELL
Trial Attorney
Public Integrity Section
Criminal Division
U.S. Department of Justice
1400 New York Avenue, NW – 12th Floor
Washington, DC 20005
T: 202-514-3015/ F: 202-514-3003