IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:-07-M-058 |
| ) | The Honorable John M. Facciola |
| ROBERT S. HACKETT ) | Sentencing Date: June 11, 2007 |
| ) | |
| Defendant. ) | |

### DEFENDANT ROBERT S. HACKETT'S
### MEMORANDUM IN AID OF SENTENCING

In accordance with *United States v. Booker,* 543 U.S. 1100 (2005), 18 U.S.C. § 3553, and Section 6A1.2 of the *Federal Sentencing Guidelines Manual* ("*Guidelines*"), the defendant, Robert S. Hackett, through counsel, respectfully presents this memorandum to aid the Court in determining an appropriate sentence in this case.

I.   **INTRODUCTION**

On March 28, 2007, Mr. Hackett pled guilty to a one count criminal information charging him with theft of government property, in violation of 18 U.S.C. § 641. Pursuant to the plea agreement, Mr. Hackett has cooperated fully with the government, made himself available for debriefing, and made full restitution in the amount of $15,132 to the Administrative Office of the United States Courts. Mr. Hackett is scheduled to be sentenced by the Court on June 11, 2007, at 9:30 a.m.

Undersigned counsel and Mr. Hackett have reviewed the Presentence Investigation Report ("PSI Report") prepared by U.S. Probation Officer Kelli Griffin Cave, and we have no objections to the Report's contents or *Sentencing Guidelines* calculations. The Report accurately concludes that Mr. Hackett has an Offense Level of 8 and a Criminal History Category of I,

which results in an advisory sentencing range of 0-6 months. As part of the plea agreement, the government has agreed that it will not oppose Mr. Hackett's request that no jail term be imposed. For the reasons that follow, we respectfully submit that the sentencing considerations put forth in 18 U.S.C. § 3553(a) warrant a sentence of probation.

**II.     PERSONAL HISTORY OF ROBERT HACKETT**

The PSI report, together with the letters written by Mr. Hackett's friends and colleagues (letters attached hereto as Exhibit 1), provide an accurate representation of Mr. Hackett's true character. The image that shines through is that of a man dedicated first and foremost to the well-being of his family, friends, and community. He is a hard-working, kind man, generous with both his time and money to those in need, who entered the legal profession out of a sense of compassion and commitment to people. He also is a loyal friend and caring father of two young children. In short, Mr. Hackett is a good man who recognizes that he made a very poor decision.

Mr. Hackett was born in Detroit, Michigan on May 31, 1963. He and his two brothers were raised in very modest conditions. Mr. Hackett's parents divorced when he was six years old due to his father's alcoholism. Mr. Hackett maintains a close relationship with his mother and brothers.

Mr. Hackett graduated in 1981 from an inner-city Detroit high school, where he played baseball and football. He then worked his way through college, attending the University of Tennessee at Knoxville and the University of Michigan, and earning his Bachelor of Arts degree in 1989. In 1995, Mr. Hackett was awarded a Juris Doctor by Thomas M. Cooley Law School, where he was the elected valedictorian of his class. Prior to the events at hand, Mr. Hackett had never been charged with any criminal violations – he was an honest and law-abiding member of his community.

In 1998, Mr. Hackett married Catherine Webb Hackett. Together they have two children, Joseph, 6, and Elizabeth, 4. As the letters to the Court illustrate, Mr. Hackett is, first and foremost, a loving and dedicated father, who has always worked hard to support his family and places the needs of his children ahead of his own in every regard.

The letters to the Court also make clear that people, particularly the less fortunate, have always been a priority for Mr. Hackett. In 1999, driven by a sense of compassion for indigent clients, Mr. Hackett became an investigator for the Federal Public Defender's Office for the Western District of Michigan. It was in this position that Mr. Hackett submitted $15,132 in unwarranted reimbursement requests, a grievous error in judgment that has wreaked havoc on his family and brought him before the Court.

Mr. Hackett's conduct fueled the breakup of his marriage in 2006 and he now shares custody of his children. The current and future impact of Mr. Hackett's conduct on the emotional and financial well-being of his family has been extremely difficult for Mr. Hackett.

Mr. Hackett recognizes that his conduct was wholly unacceptable and has made efforts to atone for it. He has truthfully admitted his misconduct and, on February 13, 2007, pursuant to the terms of his plea agreement, Mr. Hackett entered into a settlement agreement with the Administrative Office of the United States Courts. He has made full restitution.

Mr. Hackett has also notified both the Michigan and Illinois bars of his criminal conviction. He has already suffered enormously as a result of his conduct. This matter has hung over Mr. Hackett's head for four years, costing him, among other things, his marriage. The possibility that Mr. Hackett will also be suspended from the practice of law weighs heavily on him.

Mr. Hackett is ashamed and remorseful of his actions. He wants nothing more than to return to being a productive, law-abiding member of society and father to his children.

### III. SENTENCING ISSUES

The PSI Report contains a thorough and accurate recitation of Mr. Hackett's personal background, and Mr. Hackett has no objection to the Report's calculation of the appropriate *Guidelines* range. Mr. Hackett respectfully submits that, pursuant to 18 U.S.C. § 3553(a), and in light of the 0-6 month advisory guidelines range and the government's agreement that it does not object, a probationary sentence is appropriate in this case.

As this Court is well aware, the *Booker* decision, as interpreted in *United States v. Coles*, 403 F.3d 764 (D.C. Cir. 2005), rendered the Sentencing Guidelines advisory, to be considered by the sentencing court along with the other factors in 18 U.S.C. § 3553(a) in arriving at an appropriate sentence. *Coles*, 403 F.3d at 764-67 (citing *United States v. Crosby*, 397 F. 3d 103, 107-10 (2d Cir. 2005)). Upon consideration of these factors, the court is to impose a sentence that is sufficient, but not greater than necessary, to comply with the goals of (i) promoting respect for the law, (ii) providing just punishment for the offense given the seriousness, (iii) affording adequate deterrence for criminal conduct, (iv) protecting the public, and (v) providing the defendant with reasonable rehabilitative opportunities. *See* 18 U.S.C. § 3553(a).

For all the reasons described above, we respectfully submit that a probationary sentence and the collateral consequences of criminal conviction, in addition to being compliant with the Guidelines, are a sufficient deterrent and just punishment in this case. Mr. Hackett fully appreciates the seriousness of his conduct and has accepted responsibility for his actions. He has suffered significant consequences already and faces potential future consequences. For these reasons, a sentence of probation is more than adequate to satisfy the ends of justice.

### A. Mr. Hackett has never been in trouble before and already has suffered significant consequences which will deter any future misconduct.

The Court should consider Mr. Hackett's personal history and total lack of any prior misconduct in determining the appropriate sentence. Nothing in Mr. Hackett's background indicates a pattern of improper conduct or unlawful behavior. He is not the type of defendant who needs to be deterred from future criminal behavior. In fact, he is just the opposite – a decent, law-abiding person who made an isolated disastrous decision. Mr. Hackett's family and reputation have suffered irreparable damage. In short, Mr. Hackett already has suffered significant consequences which undoubtedly will deter any future misconduct.

### B. Mr. Hackett has accepted responsibility for his misconduct

Mr. Hackett's acceptance of responsibility and cooperation with the government warrant consideration by the Court in determining an appropriate sentence. Mr. Hackett has accepted full responsibility for his conduct both through his timely guilty plea in this case and his full restitution to the Administrative Office of the United States Courts.

Mr. Hackett has paid dearly for his foolish decision to submit unwarranted travel reimbursement requests. He is remorseful and ashamed for what he has done and will not engage in wrongful conduct in the future. Justice has been served, and the damage to his family, career and reputation, his settlement with the Administrative Office of the United States Courts, and his potential suspension from the bar will provide more than adequate retribution and deterrence for his actions. Accordingly, Mr. Hackett respectfully submits that the goals of 18 U.S.C. § 3553 are satisfied with a probationary sentence. The United States has agreed that it will not seek to have Mr. Hackett incarcerated.

## IV. CONCLUSION

Mr. Hackett is a fundamentally good and hard working man who made a serious error in judgment. He fully appreciates the seriousness of his conduct, has accepted full responsibility for his actions, has attempted to atone for his behavior, and has already suffered enormously. Mr. Hackett already has made full restitution and he faces potential suspension from the bar.

In light of the above, we respectfully submit that a sentence of probation is both reasonable and appropriate, and we ask the Court to fashion a fair and just sentence for Mr. Hackett that comports with the provisions of 18 U.S.C. § 3553 and the interests of justice.

Respectfully submitted,

/s/ Plato Cacheris
Plato Cacheris, DC Bar No. 1743
Jeffrey C. Coffman, DC Bar No. 493826
Trout Cacheris PLLC
1350 Connecticut Avenue, N.W., #300
Washington, D.C. 20036
Tel:  (202) 464-3300
Fax:  (202) 464-3319

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of June 2007, a copy of the foregoing Defendant Robert S. Hackett's Memorandum in Aid of Sentencing and Proposed Order were delivered to all parties in the case via the Court's electronic filing system.

/s/ Jeffrey C. Coffman
Jeffrey C. Coffman

**EXHIBIT 1**

# Neal Law Office P.S.C.

**Earl-Ray Neal**
*Attorney at Law*

226 North Second St. • Richmond, KY 40475
(859) 624-8858 • Fax (859) 624-0912

**Tiffany Frith**
*Paralegal*

Hon. John M. Facciola
United States Magistrate Judge
United States District Court for the
District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

Dear Judge Facciola:

I have known Robert (Bob) S. Hackett since 1993. I am fully aware of the charges that bring him before you and am familiar with his legal situation. In fact, I, along with several of his friends and family made the trip to Washington to accompany Bob and show support at his initial appearance.

Bob Hackett is my friend. In your position I can only assume that you have received many letters such as this one. I further assume that most letters say I know this person, he is my friend, please do not send him to jail. This letter is different.

All of my life, I have depended basically on two people for love and support. They were my mother and father. In 1993, I met the brother my parents were not blessed to have. Bob Hackett is not just my friend, he is family. Most importantly, Bob is my inspiration in the practice of law. I can assure you that no one that has ever appeared before you believes more in our system of justice than Bob. I can frankly say I would not be a lawyer today if it were not for Bob Hackett.

I have seen Bob's commitment to his clients. Bob is an outstanding lawyer and is an asset to our profession. I believe it is important to note that the activity complained of in the indictment did not occur in Bob's capacity as a lawyer. Without any doubt, the legal profession is better off with Bob Hackett being an active member of it.

Bob is the father of two beautiful children. He is quite active in their life and, in fact, had true shared custody and time sharing with them. His commitment to his children is the only commitment he places above his professional obligations.

I am a lawyer. I am also a Domestic Relations Commissioner in the 23rd Judicial Circuit in the Commonwealth of Kentucky. I know what it is like to make difficult decisions. The decision before you is a difficult one. I ask that you look beyond the file that you have before you. There is so much more to the man I call my friend and that you call the Defendant. Bob Hackett is a good man. This situation weighs on him daily. I assure you this situation has had a serious affect on Bob's life. The mere fact that he could be suspended from the practice of law weighs on me daily. I can think of no other person I would rather have beside me in any time of need

than Robert Hackett. I ask that you not incarcerate Bob. My suggestion would be to let Bob do community service by way of pro bono work.

I ask that you give him a chance to continue his service to his community and to his family. He will not disappoint you. He will not bring dishonor to this Court and he will continue to be a productive member of society if you give him a chance.

                                              Very truly yours,

                                              Earl Ray Neal, Esq.

## Yates, LaGrand & Denenfeld PLLC
Attorneys at Law

The Waters Building, Suite 404
161 Ottawa Avenue, N.W.
Grand Rapids, Michigan 49503

Christopher P. Yates　　　　　　　　　　　　　　　　　　　　　　　　Telephone
David M. LaGrand　　　　　　　　　　　　　　　　　　　　　　　　(616) 356-1770
Paul J. Denenfeld

---

May 15, 2007

Hon. John M. Facciola
United States Magistrate Judge
United States District Court for the
　　　District of Columbia
333 Constitution Ave. N.W.
Washington, D.C. 20001

　　　Re: <u>United States v. Robert S. Hackett</u>

Dear Judge Facciola:

This is in regard to Robert S. Hackett, who will appear before you for sentencing on June 11, 2007.

I have known Bob Hackett for nearly 20 years. From 1988-1997, I was the Legal Director of the American Civil Liberties Union (ACLU) of Michigan. Bob Hackett was an intern at that office when he was a student at the University of Michigan. For the year between his college graduation and his enrollment in law school, Bob was a staff member at the ACLU working as the Executive Director's personal assistant. Later, when Bob attended law school in Lansing, Michigan, he was a part-time staff person in the ACLU's small Lansing office.

Bob and I remained friends and he ultimately applied for an investigator's position with the Federal Public Defender Office in Grand Rapids, Michigan, where I was the Senior Litigation Counsel. He was hired there in 1999 and worked until the issue of his reimbursed expenses caused him to resign in late 2003. After resigning from the Federal Public Defender Office, Bob started a law practice, in which he has specialized in criminal defense work. He is respected by prosecutors and defense lawyers alike.

Over the years, I have personally observed Bob's character. I have seen his commitment to indigent clients, his willingness to work as hard as it takes to do an excellent job for a

client (either as an investigator or lawyer), and his clear sense of justice and need to right a wrong. I believe Bob is a decent, trustworthy, and ethical person. The best example of this is his willingness to continue to work on a death penalty case even after his resignation from the Federal Public Defender Office. He honored his commitment to the client for what turned out to be no compensation.

Having said that, I understand he has pled guilty to a misdemeanor arising out of his submission for reimbursement for travel and other expenses to which he was not entitled at the Federal Public Defender Office. Bob has truthfully admitted his misconduct to me and makes no excuses for it. While I believe his family's financial obligations led to his wrongful conduct, Bob refuses to blame it - - or anything else - - for his actions. That is not a surprise to me and is consistent with his refusal to blame others for his own mistakes.

Bob is also a terrific father to his two young children, Joseph, 6, and Elizabeth, 4. When his wife ended their marriage, Bob's main focus was ensuring that he had equal time with his children. Nothing is more important to him than his children and I marvel at his patience with, and love for, his children when I am around them. He manages to strike a balance between having fun with his kids while also placing boundaries on their behavior. Six-year-old Joseph is hyperactive and can be a handful but Bob has developed a mutual respect between them.

Bob Hackett has made full restitution to the Administrative Office of the United States Court. While he could have contested the AO's decision to freeze without a hearing all of his wages, vacation pay, and retirement, he chose not do so. He admitted his wrongdoing and set about remedying any loss he caused. That, too, is entirely consistent with his character.

I do not know anyone who has led a perfect life. Bob Hackett is no exception. But in all my years as a lawyer I have known few people who have Bob's compassion and commitment to people. This matter has hung over Bob's head for nearly four years and it is time to conclude it. I respectfully request that you consider a sentence that minimizes incarceration and that will permit Bob to continue to be a great father to his children and a valued member of our community.

Thank you for your consideration.

Very truly yours,

YATES, LAGRAND & DENENFELD PLLC

Paul J. Denenfeld

May 15, 2007

John M. Facciola
United States Magistrate Judge
United States District Court for the
District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

Dear Judge Facciola:

I am writing to you on behalf and in full support of Robert S. Hackett, a personal friend to my wife Genieveve and I for the past 21 years. As I am fully aware of the details leading up to and surrounding the charge to which Robert has plead guilty, it is my intention merely to shed some light on Robert Hackett, the man, as known to his family, children and friends. Prior to doing that, I would like to introduce myself to Your Honor briefly. I am a native of upstate New York, a collegiate athlete and graduate of Clarkson University with a Batchelor of Science degree in Industrial Management and Marketing. After a fairly distinguished 20 year career in the automotive manufacturing segment in Detroit, MI where I retired as a Global Director, my wife and I have moved to Florida where she continues her work as a Master's prepared Neonatal Nurse Practitioner and I as an Executive Director, Business Development for Florida Lift Systems, Inc. in Tampa. Genny continues her studies on her Doctorate program while working full time. Genny and I have been happily married for 19 years.

That being said, in the twenty-one years that I have been friends with Robert Hackett I have known him to be a man of the highest character, loyal to his friends, family, and employers alike. A man like Bob who clearly displays a superior indication of his moral center by the way in which he loves and cherishes his two young children, placing them ahead of his own needs in every regard. In all of the years I have known Bob I have never known him to sacrifice his integrity nor honor for any reason, let alone for personal gain of any kind. This man is a trustworthy, unselfish, responsible, and honorable member of society and retains all of the qualities so prized, yet so lacking in our culture today. My wife and I have trusted Robert with our lives, and will continue to do so regardless of the outcome of this situation. We have never witnessed, nor have I ever heard from another person that Bob has ever let a member of his family or any of his friends down. In this age where no one seems capable of taking responsibility for their actions anymore, Robert is a man who can, and does, although he is human, he is good and still has much to contribute to our society and to his children who desperately need him at their side.

Your Honor, please use compassion in your sentencing decision as this man and his family have already endured much throughout the several years of this ordeal. The criminal charges and the ensuing events have seriously affected Bob's life and that of his family, and I respectfully advocate that the Court give proper and appropriate consideration to punishment which would minimize or better eliminate any subsequent incarceration or confinement.

Respectfully,

*[signature]*

Austin L. Cline Jr.
400 Larboard Way, #204
Clearwater, FL 33767

To:     Judge John M. Facciola
        United States Magistrate Judge
        United States District Court for the District of Columbia
        333 Constitution Avenue, N.W.
        Washington D.C. 20001

Subject: Robert S. Hackett

Your Honor,

My name is Brian Carroll. I am currently an engineering supervisor at Ford Motor Company where I've worked since my graduation from the University of Michigan – Dearborn Campus in 1989. Most of my time with Ford has been as a manufacturing engineer. It was during my time at the University of Michigan that time I met Robert S. Hackett (aka Bob). We were teammates on both flag football and softball teams in college.

Bob as a friend and a teammate is someone you can rely on. Bob would play any position asked of him and give it 110%. When a teammate puts forth that kind of effort, you do too and you accomplish things you may have not thought possible. That is why we've remained close friends for 19 years now, even though we've lived hundreds, sometimes thousands of miles apart. Bob maintains his friendships because people are a priority to him and always will be. They are more important to Bob than money or possessions. That is why you will receive a multitude of letters about Mr. Hackett; because he's made his friends and colleagues priorities and we appreciate it. Bob is not a fair weather friend and can be counted on in the toughest times. He's been there for me after my father passed, through tough relationships and financial difficulties as well as the many good times we've had over the years.

During college, Bob worked for the American Civil Liberties Union. I, being a right side favoring conservative, had never met someone who worked for the ACLU. However, getting Bob's perspective on things opened my mind to these other points of view. These experiences helped evolve my thinking to challenge many of the practices of my own political and social positions. Bob challenges people to think. As talented as he is a litigator, I think he would make a good teacher as well. Bob discusses, not argues, when conversing in public. His points are convincing and compelling. He currently uses these talents to serve his fellow man as a criminal defense attorney. There are far more lucrative areas of law, but Bob's not in it for the money, he's there to help.

One of Bob's distinguishing characteristics is his generosity. Bob has been generous with both money and his time to those in need. When we were in school, even though he was saddled with student loans, if Bob saw someone less fortunate on the street, he would give him the few dollars he had. Since graduation, Bob is also very generous to charities. If approached, Bob always buys the candy for the band, or the bumper sticker from "meals on wheels", among other charities he supports. Bob's influence has softened my views on those less fortunate and has encouraged me to help as I can as well. Bob has this influence on many people he has met. Likewise, Bob is generous with his time. Recently he represented my wife and me in a dispute we had with our local homeowners association. Bob's support was more than legal; it was

psychological as he made sure we didn't get too depressed about the situation. Talking to Bob always made us feel better about the untenable situation we were in. His representation lasted almost a year in which he spent countless hours working on our case which he was able to negotiate to its conclusion which left both our home and psyche's whole. Bob has never mentioned payment for this service as he knows we've been financially challenged and he was helping out a friend.

Bob's character and actions have impressed his peers for many years. He was voted by his colleagues at Cooley Law School to give the valedictory address. They were not disappointed as he delivered the most memorable address I've ever heard at a graduation. It was a historical perspective on the time they had spent there and the experiences they shared, and it was all one clever rhyme. After representing my family, opposing counsel was so impressed they've since referred cases to Bob, knowing he would provide outstanding representation. Bob as an attorney provides his clients sincere, dependable, straight forward assessments. He is brutally honest at times, not telling you what you want to hear, but the truth about your situation. He is a tough but respected adversary. He is, in my opinion, a credit to his profession.

This current situation has had a profound affect on Bob. As is true with most people, we derive a lot of self worth from our occupations and success in the workplace. This incident shook his confidence and has exacerbated many other issues in his life. The most prominent of these has to have been the breakup of his marriage and has had many other negative connotations. Bob has already paid a heavy price for this incident and adding incarceration or confinement would not further the lesson to be learned nor benefit our society as a whole. If there is to be a further punishment, might I suggest community service so citizens can benefit while working with your fellow man can bring a healing of its own. Bob currently has shared custody of his two young children, Joseph and Elizabeth. Losing their father for a period of time would not benefit them at this time in their lives.

In summary Judge Facciola, I would request leniency in Mr. Hackett's sentencing. He is a tremendous asset to our community. He has already suffered a lot and I don't think incarceration or confinement at the public's expense would be a prudent use of our limited resources. Rather put his talents to work in the community as he has already shown an aptitude. I appreciate your time and consideration.

Sincerely

Brian P. Carroll

# Mitchell
# & Zambon
**Attorneys at Law**                                              A Professional Corporation

Paul L. Mitchell                                                              507 Waters Building
Richard E. Zambon*                                                             161 Ottawa, NW
*Also admitted in Illinois                                              Grand Rapids, MI 49503
                                                                     Facsimile: (616) 456-9384
                                                                        Phone: (616) 456-7831

May 30, 2007

Mr. John M. Facciola
United States Magistrate Judge
United States District Court for the
District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

Re: United States vs Robert Hackett

Dear Judge Facciola,

      I am writing to express my support for Robert Hackett who is to be sentenced on June 11, 2007.

      I am a criminal defense lawyer. I have been a criminal defense lawyer for 26 years. I first came to know Mr. Hackett during the course of his employment at the Federal Defenders Office in Grand Rapids several years ago. The Defender had been appointed lead counsel in a murder case which was eligible for, and ultimately authorized for, the death penalty. The young defendant's name was Robert Ostrander and I was appointed as learned counsel. Bob Hackett was the lead investigator. Throughout the course of the case I came to know Bob's qualities well, not only as an investigator but also as a human being. His investigative zeal was only matched by his compassion for the client and the client's family. He provided a necessary human link between that family and the defense attorneys and was instrumental in producing a working relationship. This greatly benefited the client at the penalty phase.

      Death penalty work is often tiring, sometimes thankless and always gut wrenching work. Bob's hard work, relentless cheerfulness and even temper-helped pull the defense team through. His devotion to the case was exemplary.

Mr. John M. Facciola
May 30, 2007
Page 2

    On the night that the jury returned its verdict Bob shielded the family and most especially our client's mother, from the press outside the courthouse. The image of Bob shepherding the mother out of harm's way followed by a mob of reporters and cameramen will remain with me forever.

    I am proud to call him a colleague and I am honored by his friendship.

Sincerely,

Paul L. Mitchell

PLM/klh

May 29, 2007

John M. Facciola
United States Magistrate Judge
United States District Court for the
District of Columbia
333 Constitution Avenue, N. W.
Washington, D.C. 20001

Dear Judge Facciola,

I am writing this letter on behalf of Robert S. Hackett. I have known Bob for twenty seven years. We grew up in the same neighborhood and became best friends. Growing up, Bob became a son to my parents as I to his. We played sports together and worked on cars together.

I myself am a skilled carpenter. I have been doing this kind of work for 23 years.
I have been married for 21 years, Have three beautiful girls, and served my country for 6 years.

I am aware of Bobs situation. Bob is the type of person who is there for his family and friends. He is hard working, honest and a kind person, he always gives 110% of himself to any project that he is involved in. Bob is a family man and has two young children. He is very much a part of their lives financially and emotionally. He takes part in school projects and after school activities.

When we were younger Bob was always determined to make a difference in other peoples lives. I was not surprised when he told me that he wanted to become a lawyer. With hard work and determination he put himself through college and law school. Bob is someone that I am proud to call my best friend.

Respectfully yours,

*Charles F. Mayhan*

Charles F. Mayhan