IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>ROBERT HACKETT, )<br>Defendant. )<br>_____) | Criminal No. 07-M-058 |

GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW the United States of America, by and through its undersigned counsel, and hereby files the instant memorandum in aid of sentencing as to defendant Robert Hackett. The Government has reviewed the Pre-sentence Investigation Report as revised by the United States Probation Office on May 31, 2007, and has not identified any factual inaccuracies in that Report.

I.      Background

The defendant is a lawyer, admitted to the bars of the States of Michigan and Illinois since 1995 and 1997, respectively. In 1999, he began working as an Investigator for the Western District of Michigan Federal Public Defender ("FPD"), located in Grand Rapids, Michigan. As an FPD Investigator, the defendant was permitted to use his personal car for work-related travel. At the end of each month, he submitted travel reimbursement requests listing, for each day of travel during that month, the date and time of travel, the purpose and location of the trip, the client served, and the number of miles traveled. As an FPD Investigator, the defendant worked almost exclusively on two death-penalty eligible cases. His duties primarily involved locating and conducting interviews of myriad witnesses for the defense, and obtaining historical information concerning the defendants, such as information about the defendants' childhood and

educational backgrounds, and their psychological and social profiles, as well as locating and interviewing witnesses about those matters.

In April 2003, the Administrative Office of the United States Courts ("AO") performed an audit of the defendant's mileage claims after AO accounting personnel noticed a large disparity between the defendant's travel reimbursements and those of other FPD investigators. The AO auditors reviewed the defendant's case files and reimbursement requests for the period of March 1999 through March 2003, and observed that the defendant had very little work product or documentation to show for the amount of travel undertaken. Following the audit, the defendant resigned his position with the FPD.

The FBI subsequently conducted a criminal investigation into the defendant's travel history, including review of credit card and bank records, cellular telephone records, prison sign-in sheets, vehicle service records, and ATM and parking garage records. The evidence revealed many inconsistencies in the defendant's reimbursement claims. Among other discrepancies, the investigation discovered numerous instances in which the defendant made purchases at stores and restaurants far from his claimed location of travel.

In Paragraphs 8 and 9 of the factual statement that accompanied the defendant's plea, he admitted that he received $15,132 in reimbursement for 42,388 more miles than he actually traveled for work. That figure represents the number of miles for which he claimed reimbursement in excess of the number of miles indicated on his car's odometer; in other words, it presumes that every mile the car traveled was related to work. Pursuant to a civil settlement, the AO and the defendant each agreed to waive any further claim for payment against the other, and the AO accepted that resolution as full restitution for its claimed loss.

II.     Sentencing Recommendation

The Probation Office correctly calculated the adjusted offense level under the Guidelines for a misdemeanor violation of 18 U.S.C. § 641, Theft of Government Property, at level 8, after crediting a 2-level downward adjustment for the defendant's acceptance of responsibility. The advisory sentencing range for his offense is therefore 0 to 6 months of incarceration.

The United States has agreed not to oppose the defendant's request for a sentence that does not include a term of imprisonment. However, the government notes that the defendant, a lawyer and an officer of the court, knowingly submitted vouchers for travel that he falsely claimed was related to work for FPD clients. In authorizing payment for more than forty-thousand miles in phantom travel, the FPD presumably concluded that the defendant's work in connection with that travel would have been of some value to those clients. Therefore, the defendant's theft of government money also had a deleterious affect on the appearance of the fair administration of justice in his District.

As such, the nature and circumstances of the offense, the history and characteristics of the defendant, and the other factors outlined at 18 U.S.C. § 3553 all warrant fashioning a sentence within the Guidelines that would include an obligation of community service and/or a period of home or community center confinement in the defendant's home District.

DATED: June 2, 2007

Respectfully Submitted,

WILLIAM M. WELCH II
Chief, Public Integrity Section

\_\_/s/_____
DANIEL A. PETALAS
Trial Attorney
U.S. Department of Justice
Criminal Division
1400 New York Ave., NW, Suite 12100
Washington, DC 20005
(202) 514-1412
(202) 514-3003 (facsimile)
dan.petalas@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of June, 2007, a copy of the foregoing was served through the Court's electronic filing system on the following counsel of record:

Plato Cacheris, Esq.
Trout Chacheris PLLC
350 Connecticut Avenue, NW, Suite 300
Washington, DC 20036

      /s/
Daniel A. Petalas
Trial Attorney